UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAX, INC., | Hon. Joseph H. Rodriguez |
| Plaintiff, | |
| v. | Civil Action No. 17-13033 |
| SOUTHERN RAILROAD OF NEW JERSEY, et. al., | OPINION |
| Defendants. | |

This matter comes before the Court on Defendants' Motion to Dismiss Count I of the Complaint Asserting Fraud. Plaintiff Dax, Inc. is in the business of performing mechanical and electric repairs, maintenance, and testing, in matters usually related to railway equipment. Id. at ¶¶ 2, 9. Defendant Southern New Jersey Rail Group ("SNJRG") is managed by its principal, Defendant Bombardier Transportation (Holdings) USA, Inc. ("Bombardier"). Bombardier handled the relevant contract issues in this matter on behalf of the SNJRG. Id. at ¶¶ 6, 30.

According to the Complaint, Defendants promised to use Dax as a subcontractor for $530,000 of work per year, over the course of fifteen years, on a project associated with New Jersey Transit ("NJT"). Id. at ¶¶ 20-24, 26. Dax then began the task of preparing a workforce to handle the anticipated work. The focus on preparing to handle the promised sub-contract caused Dax to forgo other business opportunities. Id. at ¶ 25. Defendant was awarded the contract by NJT with a start date of March 14, 2015. Id. at ¶ 27. Plaintiff claims that the award to Defendants was issued in part on reliance that Defendants intended to use Dax to complete the work. However, Plaintiff claims that instead of using it to perform the work as promised, Defendants did most of the work

1

itself. Plaintiff alleges five causes of action sounding in fraud and breach of contract. Defendants move pursuant to Fed. R. Civ. P. 12 (b) (6) to dismiss only Count I, which asserts a claim of fraud.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.1 See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In order to state a claim for fraud under New Jersey law, a plaintiff must allege (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage. Frederico v. Home Depot, 507 F.3d 188,

---

1"Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

2

200 (3d Cir. 2007) (citing Gennari v. Weichert Co. Realtors, 148 N.J. 582, 691 A.2d 350, 367-368 (N.J. 1997). Misrepresentation and reliance are the hallmarks of any fraud claim. Banco Popular North America v. Gandi, 184 N.J. 161, 876 A.2d 253, 261 (N.J. 2005).

The pleading requirements for fraud, however, are more stringent and receive greater scrutiny on a motion to dismiss. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), a plaintiff must plead "with particularity 'the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.' " Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004) (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)).

There are two ways to satisfy the particularity requirement. See Lum, 361 F.3d at 224. First, a plaintiff may plead the "date, place or time" of the fraudulent act. Id. (quoting Seville, 742 F.2d at 791) (internal quotations omitted). Second, a plaintiff may use "alternative means [to] inject [ ] some measure of substantiation into their allegations of fraud." Id. (internal quotations omitted). Still, the plaintiff must plead enough to substantiate the allegations of fraud being made and may not rely on "conclusory statements." NN & R, Inc. v. One Beacon Ins. Group, 362 F.Supp.2d 514, 518 (D.N.J. 2005) (quoting Mordini v. Viking Freight, Inc., 92 F.Supp.2d 378, 385 (D.N.J. 1999)). At a minimum, a plaintiff "must allege who made a misrepresentation to whom and the general content of the misrepresentation." Lum, 361 F.3d at 224.

3

Significantly, the heightened pleading standard required by Rule 9(b) applies to claims of fraud brought under New Jersey law. Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

The Court finds that the Complaint sets forth a claim of fraud with sufficient particularity to survive scrutiny under Fed. R. Civ. P. 9. In paragraphs 36-52, the Complaint details facts relevant to Plaintiff's assertion that Defendants engaged in a "bait and switch" and, despite awarding Dax with the sub-contract, never intended to fulfill the terms of that sub-contract with Dax. Id. at ¶ 37. First, Defendants knew it needed a subcontractor with the strength of Dax to secure the NJT award. Id. at ¶ 16. Defendants then described amended its bid to reflect an increase in the involvement of Dax to secure the NJT award. Id. at ¶¶ 21-23. As the start date loomed, Defendants continued to reassure Dax of its involvement in an effort to win the contract. Once the contract was awarded to Defendants, it began, over the course of two years to perform the work itself. Id. at ¶¶ 37-38. Over that time, the presence of Dax on the jobsite was decreased, Defendants attempted to renegotiate the sub-contract, key Dax employees were hired directly by Defendants, and, ultimately, Dax was told to no longer report to the project. Id. at ¶¶ 39-41, 43-44. Plaintiff claims that these collective actions sufficiently set forth a claim of fraud. The Court agrees.

Defendants' motion is denied. An appropriate Order shall issue.

Dated: October 9th, 2018

HON. JOSEPH H. RODRIGUEZ,
United States District Judge

4